# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RILEY NICOLE SHADLE, | ) | 4:15CV3132 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DR. RANDY KOHL, Medical services | ) | |
| director, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on initial review of Plaintiff Riley Nicole Shadle's Complaint (Filing No. 1). *See* 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons discussed below, the Court will allow Shadle's Eighth Amendment claim to proceed to service of process.

## I. SUMMARY OF COMPLAINT

Shadle is incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. Shadle alleges that he suffers from gender identity disorder ("GID"). The Court can infer from Shadle's allegations that he was born male, but identifies as female. Shadle alleges his GID causes him "constant mental and emotional pain and anguish." (Filing No. 1 at CM/ECF p. 4.) In addition, he alleges he has a history of harming himself, including an attempt to castrate himself. (Filing No. 1 at CM/ECF p. 5.)

Defendant Randy Kohl is the medical services director at the Lincoln Correctional Center. Shadle alleges Kohl has refused to provide him with hormone therapy to treat his gender identity disorder. Kohl's stated reason for denying hormone therapy is that Shadle was not in the process of gender transformation when he was incarcerated. (*See* Filing No. 1 at CM/ECF p. 9.)

For relief, Shadle asks for an order requiring prison officials to treat him with "feminizing hormones" and a gender reassignment surgery. (Filing No. 1 at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se

litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

Shadle claims that Kohl is not treating his gender identity disorder in violation of his constitutional rights.   For relief, Shadle seeks female hormone therapy and gender reassignment surgery.  Shadle did not specify whether he is suing Kohl in his individual capacity, official capacity, or both.  Therefore, the Court assumes Shadle is suing Kohl in his official capacity only.  *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

At this stage in the proceedings, the Court expresses no opinion on whether female hormone therapy or gender reassignment surgery is medically necessary for Shadle or whether prison officials have legitimate reasons for denying him such treatment.  But, the Court finds that the allegations in Shadle's Complaint are sufficient to state a claim for relief. *See Rosati v. Igbinoso*, 791 F.3d 1037 (9th Cir. 2015) (finding inmate stated a cause of action under the Eighth Amendment based on denial of request for sex reassignment surgery); *De'lonta v. Johnson*, 708 F.3d 520, 526 n. 4 (4th Cir. 2013) (same); *Norsworthy v. Beard*, 87 F.Supp.3d 1104, 1117 (N. D. Cal. Mar. 31, 2015) (same); *Soneeya v. Spencer*, 851 F.Supp.2d 228, 245 (D. Mass. 2012) (finding inmate diagnosed with GID, with a history of suicide attempts and self mutilation, had a serious medical condition for which the Eighth Amendment required treatment); *see also Fields v. Smith*, 653 F.3d 550, 554-59 (7th Cir. 2011) (affirming a district court's determination that a statute barring hormone treatment and gender reassignment surgery for prisoners was unconstitutional).

Accordingly,

IT IS ORDERED:

1.    This case may proceed to service of process as to Shadle's Eighth Amendment claim against Randy Kohl.

2.    The Clerk of the Court is directed to send to Shadle a copy of the Complaint, a copy of this Memorandum and Order, and one summons form and one USM 285 Form for service on Kohl in his official capacity.  (*See* attached Notice Regarding Service.)

      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Shadle is granted, on the Court's own motion, an extension of time until 120 days from the date of this order to complete service of process. (*See* this Court's General Order No. 2015-06.)

3.    If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Shadle.  In making such a request, Shadle must complete the USM 285 form to be submitted to the Clerk of the Court with the completed summons form.  Without these documents, the United States Marshal will not serve process.  Upon receipt of the completed forms, the Clerk of Court the will sign the summons form and forward it to the United States Marshal for service on Kohl, together with a copy of the Complaint

4.	The Clerk of the Court is directed to set the following pro se case

management deadline: June 8, 2016: check for completion of service of process.


DATED this 9th day of February, 2016.

BY THE:

s/Laurie Smith Camp
Chief United States District Judge

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(j) governs service of process on a state (*i.e.*, your official capacity claim).

In this case, Rule 4(j) mean copies of the summons and complaint must be served on the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.